# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2011

No. 10-10429
Summary Calendar

Lyle W. Cayce
Clerk

ADAM W. DAVIS,

Plaintiff-Appellant

v.

SVC MANUFACTURING INC., doing business as
The Gatorade Company & Quaker Oats Company,

Defendant-Appellee

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:08-CV-392

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Adam W. Davis ("Davis") appeals the district court's order granting summary judgment dismissing his claims under Title VII against his employer, Defendant-Appellee SVC Manufacturing Inc. ("SVC"). Reviewing the record *de novo*, *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008), we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10429
Summary Calendar

Assuming *arguendo* that Davis made out a *prima facie* case of race discrimination, he has failed to meet his burden to show that SVC's legitimate non-discriminatory reason for terminating his employment was pretext. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (outlining the *McDonnel Douglas* burden shifting framework for analyzing Title VII cases). He contends that SVC failed to follow its own policy when it refused to allow him to enter the Employee Assistance Program instead of firing him. But "[a] defendant's failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other non-minority employees because Title VII does not protect employees from the arbitrary employment practices of their employer, only their discriminatory impact." *Id.* (internal quotation omitted). And, aside from Davis's conclusory statements that he believed he was treated differently because of his race, he has adduced no evidence to demonstrate racial animus. *Auguster v. Vermillion Parish Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001) (internal quotation omitted) ("This court has consistently held that an employee's 'subjective belief of discrimination' alone is not sufficient to warrant judicial relief.").

AFFIRMED.